## ABBOTT and others *v.* WORTHINGTON, Collector.

*(Circuit Court, D. Massachusetts.* June 7, 1884.)

CUSTOMS DUTIES.—SWEDISH IRON NAIL-RODS.

Swedish iron nail-rods should be classified as a description of rolled and hammered iron not otherwise provided for, and so subject to a duty of one and one-fourth cents a pound.

At Law.

*Chas. Levi Woodbury,* for plaintiff. *Geo. P. Sanger,* U. S. Atty., for defendant.

COLT, J. The collector assessed duty at the rate of one and one-half cents per pound, on an importation of Swedish iron nail-rods, under Schedule E, § 2504, Rev. St., as bar iron, rolled or hammered. The plaintiffs claim that the article is only liable to a duty of one and one-fourth cents per pound, either as a description of rolled and hammered iron not otherwise provided for, or as coming under the similitude clause of section 2499, Rev. St., as resembling scroll iron. The case was heard by the court, jury trial being waived. The evidence shows that the importation is known commercially as nail-rods, and that, in a commercial sense, nail-rods are not bar iron. The article is made and used for a special purpose, and known in commerce by a distinct name. It further appears that in the act of 1842, and in some previous acts, nail-rods are specifically designated as such, so that congress in the tariff laws has recognized nail-rods as distinct from bar iron, or iron in bars. Nail-rods, having acquired a specific commercial designation among traders and importers, and having been designated by a specific name in previous tariff legislation, would not properly come under the general term bar iron in the Revised Statutes, but should be classified as a description of rolled and hammered iron not otherwise provided for, and so subject to a duty of one and one-fourth cents a pound.

We think this case clearly within the rules laid down in *Arthur v. Morison,* 96 U. S. 108, and *Arthur v. Lahey,* Id. 112, and that judgment should be entered for the plaintiffs.